## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )  CRIMINAL CASE NO. CF0680-10
)
vs. )
)  **DECISION AND ORDER
)  ON DEFENDANT'S MOTION TO
)  COMPEL DISCOVERY**
MAKSIO ANNEY (aka CHITON), )
)
Defendant. )
)
)

This matter came before the HONORABLE VERNON P. PEREZ on September 1, 2011 on Defendant's Motion to Compel. Attorney Seth Morrison represented Defendant, who was present. Attorney Nelson Werner appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant asked this Court to compel the Government to comply with all discovery requests. The Government responded that it will do its best to comply with all discovery and will not turn over anything it is not permitted to under the rules. As of September 1, 2011, the Parties believe there continues to be a purpose for the Motion to Compel and this Court will address each item of Discovery.

### DISCUSSION

The Court finds a majority of the discovery requests to comply with the rules. The Government explained in its response to Defendant's Motion to Compel that it would do its best to fulfill its obligations in a timely fashion. As to a few of the discovery items, the Government did object. Here are the items listed as due by the Defendant and the Court's conclusion as to each item:

**1. Prior Criminal Records**

The Government does not object to turning over all criminal records in its possession of any prospective witness. The Court will compel the Government to comply with Defendant's request. 8 GCA § 70.10(a)(5).

## 2. Witness Statements

The Government does not object to turning over all witness statements in its possession of any prospective witness. The Court will compel the Government to comply with Defendant's request. 8 GCA § 70.10(a)(1).

## 3. Documents and Tangible Objects

The Government does not object to turning over all documents and tangible objects to be used at trial relating to Defendant. The Court will compel the Government to comply with Defendant's request. 8 GCA § 70.10(a)(4).

## 4. Expert Witness

The Government does not object to turning over all expert witness statement or report in its possession. The Court will compel the Government to comply with Defendant's request. 8 GCA § 70.10(a)(3).

## 5. Exculpatory Material

The Government does not object to turning over all exculpatory material in its possession of any prospective witness. The Court will compel the Government to comply with Defendant's request. 8 GCA § 70.10(a)(7); *see Brady v. Maryland*, 373 U.S. 83 (1963).

## 6. *Laxamana* Material

The Government does not object to turning over all investigator notes, recordings or recollections concerning questions of Defendant or the Codefendants or Victim including officer field notes in the Government's possession. The Court will compel the Government to comply with Defendant's request. *See People v. Superior Court v. Laxamana*, 2001 Guam 26 ¶40.

## 7. Other Items

**a. All statements by Defendant, Codefendants or complaining witness in writing or the substance of any oral statement not in writing**

The Government does not object to turning over all witness, Defendant and Codefendant statements in its possession. The Court will compel the Government to comply with Defendant's request. *See* 8 GCA § 70.15 and § 70.10.

**b. Arrest and Conviction Record of each prospective Government witness**

The Government does not object to turning over all arrest and conviction records of any prospective witness in its possession. The Court will compel the Government to comply with Defendant's request. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988).

**c. Criminal Records should be disclosed well in advance of trial**

The Government does not object to turning over all criminal records of prospective witness before trial. The Court will compel the Government to comply with Defendant's request. *See* 8 GCA § 70.15.

**d. Federal or State probation or pre-sentence report of any prospective witness**

The Government objects to Defendant's request "7(d)" and claims that these items of discovery are not in the possession of the Government or easily accessible. The Government claims that Defendant has equal access to these requested items. The Court will only compel the Government as to these items as they are readily available.

**e. Oral and written polygraph results of any witness**

The Government objects to Defendant's request "7(e)" and claims that these items not relevant and not admissible trial. The Government also claims that no evidence of any such polygraph exists. The Court will not compel the Government as to these items as the Government is correct and polygraphs, if they exist in this case, are not reliable.

**f. Any express or implied promise, understanding, offer of immunity, compensation or agreement between any witness and the Government**

The Government does not object to turning over all such materials. The Government does, however, believe that all such materials have already been turned over. The Court will compel the Government to comply with Defendant's request as it applies to any additional evidence indicating offers to witnesses from the Government.

**g. Any discussion with a witness regarding a prospective plea bargain, advice concerning or contemplated prosecution**

The Government does not object to turning over all such materials. The Government does, however, believe that no such material is in the Government's Possession. The Court will compel the Government to comply with Defendant's request as it applies to any such evidence in the Governments possession.

**h. Any evidence that prospective government witness is under investigation by Federal or Guam authorities for any criminal conduct**

The Government does not object to turning over all such materials. The Government does, however, believe that no such material is in the Government's possession. The Court will compel the Government to comply with Defendant's request as it applies to any such evidence in the Governments possession.

**i. Any false statements or evidence thereof of any prospective Government witness**

The Government does not object to turning over all such materials. The Government does, however, believe that all such materials have already been turned over. The Court will compel the Government to comply with Defendant's request as it applies to any additional evidence of false statements by potential Government witnesses.

**j. Any contradictory or inconsistent statement of any prospective witness**

The Government does not object to turning over all such materials. The Government does, however, believe that all such materials have already been turned over. The Court will compel the Government to comply with Defendant's request as it applies to any additional evidence of inconsistent statement of witnesses not already turned over. *McDowell v. Dixon*, 858 F.2d 945, 949 (4th Cir. 1988).

**k.  Any inconsistent statement of one witness with that of another witness**

The Government does not object to turning over all such materials. The Government does, however, believe that all such materials have already been turned over. The Court will compel the Government to comply with Defendant's request as it applies to any additional evidence of inconsistent statement between witnesses not already turned over.

**l.  Any evidence of bias or prejudice of any witness against the Defendant**

The Government does not object to turning over all impeachment evidence. The Government does, however, believe that all impeachment evidence has already been turned over. The Court will compel the Government to comply with Defendant's request as it applies to any additional evidence of bias or prejudice against the Defendant not already turned over. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988).

**m.  Any evidence of misconduct, bad acts or criminal act not resulting in a conviction**

The Government does not object to turning over all exculpatory evidence. The Government does, however, believe that all exculpatory evidence has already been turned over. The Court will compel the Government to comply with Defendant's request as it applies to any additional evidence of bad acts of prospective witnesses not already turned over.

**n.  Any evidence of any witness ever engaging in deceit, fraud or false statement regardless of there being a conviction**

The Government does not object to turning over all impeachment evidence. The Government does, however, believe that all impeachment evidence has already been turned over. The Court will compel the Government to comply with Defendant's request as it applies to any additional evidence of deceit, fraud or false statement by witnesses not already turned over.

**o. Any evidence that a witness consumed drugs or alcohol before witnessing the event alleged**

The Government does not object to turning over all impeachment evidence. The Government does, however, believe that all impeachment evidence has already been turned over. The Court will compel the Government to comply with Defendant's request as it applies to any additional evidence of drug or alcohol use before witnessing the alleged events.

**p. Any evidence showing a medical or psychiatric evaluation indicating a witness's ability to perceive, remember, communicate or tell the truth is impaired or evidence of narcotic, controlled substance or alcohol abuse**

The Government does not object to turning over all impeachment and exculpatory evidence. The Government does, however, believe that all impeachment and exculpatory evidence has already been turned over. The Court will compel the Government to comply with Defendant's request as it applies to any additional evidence indicating an inability for a witness to perceive, remember, communicate or tell the truth.

**q. Evidence that someone other than the Defendant was suspected of the crime alleged.**

The Court finds this request to be redundant with exculpatory evidence requested in Defendant's request "5". The Court will compel the Government to comply with Defendants request. 8 GCA § 70.10(a)(7); *see Brady v. Maryland*, 373 U.S. 83

**r. Personnel files of all prospective witnesses**

The Government objects to Defendant's request "r" and claims that Defendant's desire to see personnel files is not material to the case or reasonable. The Court does not find personnel files to be expressly discoverable under the rules and is not convinced that personnel files are relevant to the matter at hand. Therefore, 8 GCA §70.15 governs and the Court finds no reason for the evidence to be material to the case. The Court will not compel the Government to turn over this evidence.

**s.  Any other evidence affecting bias or credibility of prospective witnesses**

The Government does not object to turning over all impeachment evidence. The Government does, however, believe that all impeachment evidence has already been turned over. The Court will compel the Government to comply with Defendant's request as it applies to any additional evidence of drug or alcohol use before witnessing the alleged events.

**t.  Complete disclosure of information relating to credibility of any accomplice**

The Government does not object to turning over all impeachment evidence. The Government does, however, believe that all impeachment evidence has already been turned over. The Court believes that evidence may exist relating to the credibility of Codefendants or other potential accomplices that may be in the Government's possession. The Court compels the Government to turn over any evidence regarding the credibility of the Codefendants and accomplices.

**u.  Name and last known address of each prospective witness**

The Government will comply with this request and must provide a witness list in advance of trial. The Government explained that they do intend to submit all names and addresses of all proposed witnesses. The Court will not compel the Government to include the home addresses of Police Officers.

**v.  Name and last known address of each witness not to be called in this case**

The Government will comply with this request and must provide a witness list of all witnesses known to the Government that will not be called as witnesses in this case, if there are any. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

**w.  Name of any witness who made a favorable statement concerning Defendant or who was unsure of Defendant's identity or participation in the crime**

The Court does not find this request to be adequately definitive. This evidence could include anyone making any statement at any time, but if in possession of the Government and relevant to this case, the Court will compel the Government to comply.

**x.  Any evidence including statement tending to exculpate Defendant.**

The Court finds this request to be redundant with section "5" and subsection "q". The Court will compel the Government to comply with Defendants request. 8 GCA § 70.10(a)(7); *see Brady v. Maryland*, 373 U.S. 83

**y.  Any notes or other writings used by any witness before the grand jury**

The Court will compel the Government to comply with Defendants request relating to all documents used by witnesses before the grand jury. 8 GCA § 70.10.

**z.  Agent or prosecutor notes of interviews with prospective witnesses.**

The Court will compel the Government to comply with Defendants request relating to all agent and prosecutor notes of interviews with any witness. 8 GCA § 70.10; *see Goldberg v. United States*, 425 U.S. 94 (1976)

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Compel, except where provided above. The Court will not assess any sanctions upon the Government as any non-compliance or delay with the Defendant's Motion for Discovery appears to be in good faith. Yet, if the Government does not turn over any discoverable evidence in its possession in a timely fashion, the Court may exclude use of that evidence at trial.

So **ORDERED** this 20th day of February, 2012.

Original Signed By:
HON. VERNON P. PEREZ

_____

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

FEB 2 0 2012

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

/ /

/ /

/ /